RALPH B. WEGIS, SBN 67966
LAW OFFICES OF RALPH B. WEGIS
1930 TRUXTUN AVENUE
BAKERSFIELD, CALIFORNIA 93301
TELEPHONE: (661) 635-2100
FAX: (661) 635-2107
Email: wegisservice@ralphwegis.com

STEVEN W. MARTIN, SBN 265407
MARTIN ESQUIRE & ASSOCIATES, APC
3530 Camino Del Rio North, Suite 202
San Diego, California 92108
TELEPHONE: (619) 642-2412
FAX: (619) 908-1131
Email: steven@martinesquire.com

Attorneys for Plaintiffs,
OMAR MORAN, SANDY MORAN

RILEY SAFER HOLMES & CANCILA LLP
Jeffrey R. Williams (CSB# 084156)
*jwilliams@rshc-law.com*
David W. Kempen (CSB# 345980)
*dkempen@rshc-law.com*
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR MORAN, an individual; and SANDY MORAN, an individual, | Case No. 1:23-CV-01236-KES-CDB |
| Plaintiffs, | Assigned To: District Judge Kirk E. Sherriff |
| vs. | |
| ALTEC INDUSTRIES, an Alabama Corporation, dba Altec Service Center, and DOES 1 through 25, inclusive, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

# **STIPULATION**

To expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, Plaintiffs Omar Moran and Sandy Moran, and Defendant Altec Industries, Inc., by and through their respective counsels of record, stipulate to the following protective order pursuant to Federal Rules of Civil Procedure, Rule 26(c), and respectfully request that the Court enter the parties' stipulated protective order as the Order of the Court.

## **Part One: Use of Designated Materials in Discovery**

1. Information, material and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing, lodging it or otherwise furnishing it or by any party to this action (the "Designating Party") if: (a) provided or served, formally or informally, in response to any formal or informal discovery request, deposition notice or order in this action; and/or (b) filed or lodged with the Court. All such information, material and/or discovery responses and all information or material derived therefrom is "Designated Material" under this Protective Order, whether labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as set forth below. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated Material shall be used only in the trial and preparation for trial of this action and shall not be used or disclosed by the receiving party except as expressly provided under the terms of this Protective Order.

2. Any party or non-party may designate as "Confidential Information" (by stamping the relevant page "CONFIDENTIAL" or as otherwise set forth herein) any document or response to discovery for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting non-public proprietary information and confidential business, technical, financial and/or personal information relating to the Designating Party's business, technical, financial, or personal affairs, subject to United States Court of Appeals for the Ninth Circuit, Circuit Rule 27-13 or under other

applicable rules of court. Any party or non-party may designate as "Highly Confidential Information" (by stamping the relevant page "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to United States Court of Appeals for the Ninth Circuit, Circuit Rule 27-13 or under other applicable rules of court. Where a document or response consists of more than one page, the first page and each page on which Designated Material appears shall be so designated.

3. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within 20 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 10 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 10 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

4. All Designated Material produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

5. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Protective Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by that party, that party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party or designating non-party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients appearing on the face of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 5(e)). A witness shall sign the Certification before being shown Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition

transcript involving the Confidential Information shall be designated "CONFIDENTIAL" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Highly Confidential—Attorneys Eyes Only Information shall not be disclosed to any person other than:

(a) outside litigation counsel for the respective parties to this litigation, including co-counsel retained for this litigation;

(b) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Protective Order (which shall be retained by counsel to the party so disclosing the Highly Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Highly Confidential Information, and provided that if the party chooses a consultant or expert employed by that party or one of its competitors (as listed on Appendix A), that party shall notify the opposing party, or designating non-party, before disclosing any Highly Confidential Information to that individual and shall give the opposing party or designating non-party an opportunity to move for a protective order preventing or limiting such disclosure;

(c) any authors or recipients appearing on the face of the Highly Confidential Information;

(d) the Court, Court personnel, and court reporters; and

(e) witnesses (other than persons described in paragraph 6(c)). A witness shall sign the Certification before being shown a document designated as Highly Confidential. At the request of any party, the portion of the deposition transcript involving the Highly Confidential Information shall be designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to paragraph 2 above.

Witnesses shown Highly Confidential Information shall not be allowed to retain copies.

7. Any persons receiving Designated Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

8. In connection with discovery proceedings as to which a party submits Designated Material, all documents and chamber copies containing Designated Material which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Designated Material is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> **This envelope is sealed pursuant to Order of the Court, contains Designated Material and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.**

9. A party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information or Highly Confidential Information, although a document may lose its confidential status if it is made public.

10. If a party contends that any Designated Material is not entitled to treatment as such or at the level of protection designated, that party may at any time give written notice to the party or non-party who designated the material. The party or non-party

who designated the material shall have 10 court days from the receipt of such written notice to apply to the Court for an order confirming designation of the material as Confidential Information or as Highly Confidential Information. The party or non-party seeking the order has the burden of establishing that the document is entitled to such protection.

11. Notwithstanding any challenge to Designated Material as provided in the preceding paragraph, all documents so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who designated the Designated Material as such withdraws such designation in writing; or

(b) the party or non-party who designated the Designated Material as such fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not Confidential Information or Highly Confidential Information.

12. All provisions of this Protective Order restricting the communication or use of Designated Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Designated Material, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such materials no later than 30 days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such materials within the time period upon consent of the party who provided the materials and certify in writing within 30 days that the documents have been destroyed.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. If any person

inadvertently produces any Designated Materials without making it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.  Thereafter, such material shall be treated in accordance with the provisions of this Protective Order.  Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

14. Nothing in this Protective Order shall be construed to affect either the discoverability or admissibility at trial of any document or thing, nor shall any party's or non-party's assent to this Protective Order be deemed to waive that party's or non-party's right to object to the production of documents and things on appropriate grounds or to move to compel the production of documents and things wrongfully withheld from production.  No party may refer to this Protective Order or the designation of Confidential Information or Highly Confidential Information as proof that such Designated Material is actually confidential or constitutes (or contains) trade secret material.

## Part Two: Use of Confidential Materials in Court

The following provisions govern the treatment of Designated Material used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.  These provisions are subject to United States Court of Appeals for the Ninth Circuit, Circuit Rule 27-13 or under other applicable rules of court and must be construed in light of those Rules.

15. A party that files with the Court, or seeks to use at trial, materials designated as Designated Material, and who seeks to have the record containing such information sealed, shall submit to the Court a motion to seal.

16. A party that files with the Court, or seeks to use at trial, Designated Material marked as such by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

(a) At least 5 business days prior to the filing or use of the Designated Material, the submitting party shall give notice to all other parties, and to any non-party that designated Designated Material as such pursuant to this Protective Order, of the submitting party's intention to file or use the Designated Material, including specific identification of the Designated Material. Any affected party or non-party may then file a motion to seal; or

(b) At the time of filing or desiring to use the Designated Material, the submitting party shall submit the materials pursuant to the lodging-under-seal provision of the court. Any affected party or non-party may then file a motion to seal, within 10 business days after such lodging. Documents lodged with the Court shall bear a legend stating that such materials shall be unsealed upon expiration of 10 business days, absent the filing of a motion to seal or Court order. The party responsible for lodging or filing the Designated Material shall be responsible for retrieving it from the Court following the final termination of the action (including any appeals thereof).

17. In connection with a request to have materials sealed pursuant to Sections 15 or 16, the moving party's declaration shall contain sufficient particularity with respect to the particular Designated Material and the basis for sealing to enable the Court to make the findings without being required to review each item of Designated Material.

18. If any party fails to file materials designated as Designated Material under seal, the designating party or any other party to this action may request that the Court place the materials designated as Designated Material under seal within 30 days of the filing of said materials. The Clerk of the Court is directed to comply with such a request.

19. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of materials designated as Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not make any disclosure of any Designated Material, except as permitted by this Protective Order.

### Part Three: Modification and Survival

20. The parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties shall meet and confer prior to seeking to modify this Protective Order for any reason.  To the extent that such modification would or might affect Designated Material so designated by any third party, the parties will meet and confer with such third party prior to seeking to modify this Protective Order for any reason.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of the parties in this action, and to the extent such modification or termination would or might apply to any Designated Material so designated by any third party, written stipulation of such third party, or by order of this Court.

21. This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

22. The Court retains jurisdiction to make such amendments, modifications, and additions to this as it may from time to time deem appropriate.

///
///
///
///
///
///
///

**STIPULATED PROTECTIVE ORDER**

1  SO STIPULATED

3  Dated: February 13, 2024            **LAW OFFICES OF RALPH B. WEGIS**

        *Ralph B. Wegis*
6       RALPH B. WEGIS
        Attorneys for Plaintiffs,
        OMAR MORAN,
        SANDY MORAN,

10  Dated: February __13__, 2024        **MARTIN ESQUIRE & ASSOCIATES, APC**

        STEVEN W. MARTIN
        Attorneys for Plaintiffs,
        OMAR MORAN,
        SANDY MORAN

17  Dated: February __13__, 2024        **RILEY SAFER HOLMES & CANCILA, LLP**

        JEFFREY R. WILLIAMS
        DAVID W. KEMPEN
        Attorneys for Defendant,
        ALTEC INDUSTRIES, INC.

**IT IS SO ORDERED**

**Dated:   June 6, 2024**

UNITED STATES MAGISTRATE JUDGE

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I, _____ [NAME], _____ [POSITION AND EMPLOYER], hereby acknowledge that I am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding (*Moran v. Altec Industries, Inc.,* United States District Court, Eastern District of California, Case No 1:23-CV-01236-KES-CDB). I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order. I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination

of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct. Executed this ___th day of _____, 2024.

Dated: _____     By: _____
                                                         Signature

                                                         _____
                                                         Title

                                                         _____
                                                         Address

                                                         _____
                                                         City, State, Zip

                                                         _____
                                                         Telephone Number