UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MORAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALTEC INDUSTRIES, <br><br> Defendant. | Case No. 1:23-cv-01236-KES-CDB <br><br> ORDER DENYING WITHOUT PREJUDICE STIPULATED REQUEST FOR ORDER MODIFYING SCHEDULING ORDER <br><br> (Doc. 16) <br><br> **Seven (7) Day Deadline** |

On or about July 11, 2023, Plaintiffs Omar and Sandy Moran ("Plaintiffs") filed a complaint in the Superior Court of the State of California, County of Kern, against Defendant Altec Industries ("Defendant"). (Doc. 1). Defendant removed the action to this Court on August 18, 2023. On November 14, 2023, the Court issued a scheduling order setting all case management dates governing the litigation of this case. (Doc. 7).

On April 15, 2024, the parties filed a joint mid-discovery status conference report (Doc. 10) in which the parties proposed extending fact and expert discovery-related dates by 45 days in light of the need to conduct several depositions. *Id*. at 2-3. On April 19, 2024, the Court granted the parties' request. (Doc. 11).

Pending before the Court is the parties' stipulated request for another modification to the scheduling order. (Doc. 16). The parties represent Plaintiffs' new counsel needs additional time in which to familiarize themselves with the case and that "the contemplated depositions have

[not] yet occurred." *Id*. at 2.  The parties request additional time to conduct fact discovery, expert, discovery, and to adequately prepare for trial.  *Id*.

The parties' stipulated request suffers from several deficiencies.  First, the Scheduling Order governing this case provides, among other things:

> The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  <u>Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested</u>.
> (Doc. 7 at 7) (emphasis added).

The parties' present stipulation fails to comply with the Scheduling Order's direction that requests to modify case management dates be supported by affidavit and/or declarations.

Second, the parties rely on unsworn representations in their stipulation that good cause for the requested extension purportedly exists because, slightly more than two months after the Court granted the parties' request for a 45-day extension of time to conduct anticipated depositions, Plaintiffs substituted new counsel.  (Doc. 16 ¶ 4).  The related, perfunctory assertion that the anticipated depositions "have not yet occurred," without more, is an insufficient basis on which this Court may conclude the parties have exercised diligence warranting the requested extension. *See Zivkovic. v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (where the moving party "was not diligent, the inquiry should end and the motion to modify should not be granted") (internal quotation and citation omitted).

Finally, the parties' request for generous extensions of discovery and motion filing dates without in-kind extensions for pretrial and trial dates unreasonably impacts the Court by shortening it's time to consider and resolve motions and prepare for trial.  Among other things, the parties' proposed, amended schedule would leave the assigned district judge exactly ten days between hearing and ruling on any dispositive motions.  The Court is not amenable to granting extensions of time along the lines the parties propose without an in-kind extension of the pretrial conference and trial dates.

In light of the summary representations of the parties, an extension of case management dates may be warranted.  However, the Court presently does not have sufficient information

before it to determine (1) what specific discovery each party has undertaken, (2) what specific discovery remains for each party (including how many depositions remain to be completed), and (3) what if any depositions have been noticed and/or confirmed scheduled.  Accordingly, the Court shall direct the parties to submit in support of any renewed stipulated request for extension of case management dates – in addition to remedying the other deficiencies noted herein – a discovery timeline based on meet/confer conferences during which the parties tentatively agree upon discovery completion milestones.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED:

1. The parties' stipulated request to modify the scheduling order (Doc. 16) is DENIED WITHOUT PREJUDICE to the parties' filing of a renewed, stipulated request consistent with the directions set forth herein;

2. Any renewed, stipulated request for modification of the scheduling order SHALL BE FILED within seven days of entry of this order;

3. In connection with the filing of any renewed, stipulated request for extension of case management dates, the parties SHALL MEET/CONFER and identify in their renewed filing (1) what specific discovery each party has undertaken, (2) what specific discovery remains for each party (including how many depositions remain to be completed), and (3) what if any depositions have been noticed and/or confirmed scheduled; and

4. The parties additionally SHALL IDENTIFY in any renewed filing the witnesses remaining to be deposed.  For each such witness, counsel shall certify in the renewed filing that they (1) have contacted the witness, and (2) confirmed a date for proceeding with the deposition of that witness within the timeframe proposed by the parties for the extension of nonexpert discovery.

IT IS SO ORDERED.

Dated: __**June 27, 2024**__                           _____
                                                                          UNITED STATES MAGISTRATE JUDGE