UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MORAN, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>ALTEC INDUSTRIES,<br><br>              Defendant. | Case No. 1:23-cv-01236-KES-CDB<br><br>ORDER SETTING STATUS CONFERENCE ON NOVEMBER 17, 2025, AT 9:30 AM<br><br>**November 14, 2025, Deadline**<br><br>ORDER HOLDING IN ABEYANCE NOVEMBER 6, 2025, ORDER TO SHOW CAUSE<br><br>(Docs. 46, 47) |

**Background**

On July 11, 2023, Plaintiffs Omar and Sandy Moran ("Plaintiffs") filed a complaint in the Superior Court of the State of California, County of Kern, against Defendant Altec Industries ("Defendant"). (Doc. 1). Defendant removed the action to this Court on August 18, 2023. *Id.*

After Defendant filed a notice of settlement (Doc. 44), on October 15, 2025, the Court ordered the parties to file dispositional documents no later than November 5, 2025, and vacated all other case management dates. (Doc. 45). On November 6, 2025, after Plaintiffs failed to comply with the Court's order to timely file dispositional documents, the Court ordered Plaintiffs to show cause in writing why sanctions should not be imposed for their failure to comply with the Court's orders. (Doc. 46). Plaintiffs were provided the opportunity to comply in the alternative by filing dispositional documents by that same deadline. *Id.*

Pending before the Court is Plaintiffs' response to the order to show cause, filed on November 6, 2025. (Doc. 47). Counsel for Plaintiffs declares that following the completion of mediation on October 9, 2025, the parties entered a written stipulation through the mediator memorializing the terms of the settlement. *Id.* ¶ 2. Counsel declares that Plaintiffs plan to structure settlement funds but cannot arrange to structure funds until counsel is in receipt "of the final liens from relevant government agencies, which is estimated to take 45-90 days from notification of settlement." *Id.* ¶¶ 3, 4. Counsel declares that absent the final lien calculations from the relevant government agencies, she cannot provide Plaintiffs with a final distribution figure. *Id.* ¶ 5. Counsel further declares that she is negotiating with counsel for Defendant on the provisions of the settlement release related to discovery materials subject to a protective order. *Id.* ¶ 6. Counsel declares that for these reasons, Plaintiffs were unable to comply with the Court's order to file dispositional documents by November 5, 2025. *Id.* ¶ 7. Counsel anticipates Plaintiffs will require an additional 60 days within which to complete arranging to structure the funds, notifying defense counsel, executing settlement and release documents. *Id.* ¶ 8.

**Discussion**

The Court has reviewed counsel for Plaintiffs' representations in the response to the order to show cause. (Doc. 47). Notably, although acknowledging that Plaintiffs failed to timely file dispositional documents, counsel for Plaintiffs does not appear to take accountability for failing to comply with the Court's order, or otherwise excuse counsel's conduct requiring the Court to elicit information concerning Plaintiffs' delay through issuance of a show cause order. Rather, counsel offers a variety of belated reasons why it was not possible to timely file dispositional documents. Counsel's purported explanations, however, tend to undermine that the failure to timely comply with the Court's order was in good faith because the explanations plainly reflect counsel has known since shortly after the Court set the filing deadline that Plaintiffs would need additional time. This conduct plainly violates Local Rule 144, which requires a party to seek an extension of a deadline when the need for an extension reasonably becomes apparent – not after the deadline already has lapsed, and not until after the Court is required to remind counsel of a deadline.

Accordingly, the Court will hold the show cause order in abeyance pending receipt of a

status report from Plaintiffs and schedule a status conference to address the representations of counsel for Plaintiffs and the status of dispositional documents.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The parties are ORDERED to appear at a status conference before the undersigned on **November 17, 2025, at 9:30 AM**. Counsel SHALL REQUEST and obtain from the undersigned's courtroom deputy at least 48 hours in advance of the conference Zoom connection information to facilitate the parties' appearance.

2. No later than **November 14, 2025**, the parties SHALL FILE a joint report addressing the following: (1) identify the relevant government agencies from which counsel for Plaintiff is obtaining lien information (*see* Doc. 47 ¶ 4); (2) identify dates on which counsel for Plaintiffs transmitted/communicated requests to those government agencies for lien information; (3) identify dates on which counsel for Plaintiffs received lien information from the relevant government agencies; (4) identify actions undertaken among counsel to negotiate provisions of a settlement release related to discovery materials (*see id.* ¶ 6); (5) explain in detail the scheme of Plaintiffs' anticipated structuring of funds (*see id.* ¶ 9); and (6) explain in detail why settlement and release documents cannot be executed in advance of Plaintiffs arranging to structure funds (*see id.* ¶ 10); and

3. The Court's order to show cause (Doc. 46) shall be held in abeyance pending the parties' compliance with this order and appearance at the status conference.

IT IS SO ORDERED.

Dated: **November 7, 2025**

UNITED STATES MAGISTRATE JUDGE

3